NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAURIE A. RICCIO,

        Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

        Defendant-Appellee.

No.   23-35265

D.C. No. 3:22-cv-05461-DWC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding**

Submitted August 20, 2024***
Seattle, Washington

Before: HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

    Laurie Riccio appeals the district court's decision affirming the Commissioner

of Social Security's denial of her application for disability insurance benefits under

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the
parties consented to have this matter decided by a Magistrate Judge.

    ***    The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision affirming the agency's denial of Social Security disability benefits, *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022), and must affirm if the ALJ's decision is supported by substantial evidence and free of legal error, *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017).

1.      Riccio first contends that the ALJ erred by discounting the opinions of Dr. Thompson and Dr. Gaffield. Because Riccio applied for benefits after March 27, 2017, the ALJ's evaluation of the medical opinion evidence was governed by 20 C.F.R. § 404.1520c(a), under which the critical factors for consideration are "supportability" and "consistency." *See Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022).

Applying this standard, the ALJ determined that Dr. Thompson's opinion was not persuasive because it was inconsistent with (1) some of Dr. Thompson's own examination notes, as also recognized by two state agency reviewing physicians; (2) other treatment records demonstrating normal mental status examinations and improvement with conservative treatment; and (3) Riccio's reported activities, which included, among other things, travel, shopping, raising her grandchildren, and helping others in the community. The ALJ found that Dr. Gaffield's opinion was partially persuasive and similarly discounted those portions of the opinion that the ALJ found inconsistent with (1) Dr. Gaffield's examination notes; (2) other

2

treatment records reporting unremarkable findings and conservative treatment; and (3) Riccio's daily activities.

Although Riccio argues that the medical evidence could be interpreted to support the opinions of Dr. Thompson and Dr. Gaffield, we must uphold the ALJ's determination so long as it is a rational interpretation of the evidence. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021). The ALJ's analysis, here, is just that, and substantial evidence supports it. *See Woods*, 32 F.3d at 792–93.

2. Riccio next contends that the ALJ erred by discounting her testimony regarding the severity of her physical and mental symptoms. The ALJ clearly and convincingly explained that Riccio's symptom testimony was not fully credible because it was inconsistent with other evidence. *See Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (explaining that an ALJ must provide "clear and convincing reasons" to discount claimant's testimony (citation omitted)). Contrary to Riccio's contention, the ALJ did not penalize her for failing to support her testimony with objective medical evidence. Rather, the ALJ permissibly found her testimony not fully credible because it was inconsistent with other objective medical evidence. *See id.* at 498 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.").

3

The ALJ gave several other valid reasons for discounting Riccio's testimony. For example, Riccio testified that she left her last employment as a residential caregiver because her "back just couldn't handle it." However, she told Dr. Gaffield that her employment ended because her client had improved and no longer needed her services. *See Smartt*, 53 F.4th at 497 (relying on "direct contradiction" in testimony to uphold adverse credibility finding). Riccio's testimony that she spent the majority of her time in her bedroom was undermined by treatment records reporting that Riccio traveled; went hiking, camping with her grandchildren, and grocery shopping; and got out of the house to help others in the community. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms"). Medical records also reflected that Riccio's conditions were often managed with conservative treatment. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." (internal quotation marks and citation omitted)). Substantial evidence supports the ALJ's clear and convincing explanations, and Riccio has shown no error.

3. Riccio similarly fails to show any error in the ALJ's assessment of a functional report prepared by Riccio's husband. The ALJ thoroughly considered the statement from Riccio's husband and permissibly concluded that it did not warrant

4

any change to the residual functional capacity ("RFC") finding. *See, e.g.*, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (no error in ALJ's consideration of lay witness statements that were inconsistent with other medical evidence).

4.  Riccio's remaining contentions—regarding the ALJ's classification of certain impairments as non-severe, RFC determination, and ultimate disability finding—are derivative of her arguments relating to the ALJ's assessment of the opinions of Drs. Thompson and Gaffield, her own testimony, and her husband's functional report. Accordingly, her remaining contentions also fail. *See, e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (rejecting argument that the ALJ's hypothetical did not include all limitations as derivative of already rejected arguments that the ALJ improperly discounted claimant's testimony and opinions of medical experts).

**AFFIRMED.**